UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ) ) ) ) ) ) ) ) | ML No: 23-1522 |

*Reference:*  DOJ Ref. # CRM-182-83762

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney Lee, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Competent Authority of Portugal, the Prosecutor General's Office, submitted a request for assistance (Request) to the United States, pursuant to the Convention on Cybercrime, Jan. 7, 2004, Council of Eur., T.I.A.S. No. 13174, C.E.T.S. No. 185 (Convention).

2. As stated in the Request, the Public Prosecutor's Office for the 6th Section of Porto, in Portugal, is investigating unknown subject(s) for fraud, which occurred from September 2020 through November 2020, in violation of the criminal law of Portugal, specifically, Articles

217 and 218 of the Portuguese Penal Code. Under the Convention, the United States is obligated to assist in response to the Request.

3. According to Portuguese authorities, in September 2020, the victim began communicating via Facebook Messenger with an individual(s) using the name Cesar Milano (the suspect), who claimed to be a celebrity dog trainer in the United States. According to the victim's complaint, initially, the suspect was seeking the victim's financial support to build an animal shelter and requested donations for the shelter's foundation. After a short period, the communications between the victim and suspect became romantic, and the suspect promised to marry the victim. The suspect also continued requesting donations for the foundation but asked that the victim's donations be made to the suspect's friends because the suspect was in the process of getting a divorce and didn't want to share the foundation money with his soon-to-be ex-wife.

4. Based on their communications, the victim expected to become the suspect's business partner in the animal shelter. The suspect directed the victim to make various payments for the foundation amounting to 14,500 EUR (approximately 17,069 USD) using an electronic services communication provider. In addition to those payments, the victim sold her home to make additional payments in support of the suspect's foundation, amounting to EUR 50,000 (approximately USD 53,228). At the suspect's direction, the victim made those transfers in September through November 2020 into a JP Morgan Chase, N.A. bank account number XXXXX2876, located in the United States.

5. The suspect presented a marriage certificate to the victim and promised to bring the victim to the United States to get married, but the suspect never kept the promise. The victim realized she was the victim of a fraud after she sold her home and the marriage never

materialized.  Once the victim realized she was the victim of a fraud she began demanding to be repaid.  However, the suspect refused to repay the victim and eventually stopped communicating with the victim.  The victim filed a criminal complaint in December 2020.  Investigators are seeking to identify the recipients of the victim's payments in an effort to identify the suspect and any potential accomplices.

6. To further the investigation, Portuguese authorities have asked U.S. authorities to provide bank records for JP Morgan Chase, N.A. bank account number XXXXX2876, and to interview the account holder(s).

LEGAL BACKGROUND

7. A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).  A multilateral convention is a treaty under U.S. law.

8. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

>Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
>\*       \*       \*
>
>[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
>\*       \*       \*
>
>The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

11. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or to produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

12. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in Portugal, and seeks assistance in the investigation of fraud – a criminal offense in Portugal. The requested Order is necessary to execute the Request, and the assistance requested, i.e., production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

13. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. When executing a foreign request for assistance in a criminal matter, Section 3512 authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

14. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney Lee, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                              Respectfully submitted,

                                              VAUGHN A. ARY
                                              DIRECTOR
                                              OFFICE OF INTERNATIONAL AFFAIRS
                                              OK Bar Number 12199

By:                                         _____
                                              Courtney E. Lee
                                              Trial Attorney
                                              D.C. Bar Number 249279
                                              Office of International Affairs
                                              Criminal Division, Department of Justice
                                              1301 New York Avenue, N.W.
                                              Washington, D.C. 20530
                                              (202) 305-6761
                                              Courtney.Lee2@usdoj.gov